DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant/Appellant, Lisa Blevins, appeals from the judgment rendered in favor of Plaintiff/Appellee Dustin B. Blevins in the Wayne County Court of Common Pleas. This Court reverses and remands.
 {¶ 2} Appellee Dustin B. Blevins ("Mr. Blevins") filed a complaint for divorce on June 15, 2004. Appellant, Lisa Blevins, nka Lisa Damron ("Ms. Damron") filed an answer and counterclaim for divorce on July 7, 2004. A hearing was held before Magistrate Bauders on February 10, 2005. Magistrate Bauders issued his Report and Proposed Decision on March 8, 2005 ("Magistrate's Report"). Ms. Damron filed objections to the Magistrate's Report on March 24, 2005, along with a praecipe for the transcript. On March 28, 2005, the Court ordered Ms. Damron to deposit $275 with the court to cover the cost of the hearing transcript within five days of the order, or by April 2, 2005 (the "Transcript Fee"). Neither Ms. Damron nor her counsel received this order.
 {¶ 3} On May 4, 2005, Mr. Blevins filed a motion to dismiss Ms. Damron's objections to the Magistrate's Report due to her failure to pay the court-ordered Transcript Fee. The trial court issued a judgment entry on June 1, 2005, adopting the Magistrate's Report ("Judgment Entry"). The Judgment Entry was issued without consideration of Ms. Damron's objections because the transcript had not been submitted. The court reporter had not prepared the transcript because the Transcript Fee had not been paid. The trial court never ruled on Mr. Blevin's motion to dismiss Ms. Damron's objections presumably because the Judgment Entry made his motion moot.
 {¶ 4} On June 29, 2005, Ms. Damron filed a Motion to Vacate Judgment asking the trial court to vacate the Judgment Entry and to consider her objections to the Magistrate's Report and issue a new judgment entry thereafter ("Motion to Vacate"). The Motion to Vacate was based on the failure of the clerk to mail the court's Transcript Fee order to either Ms. Damron or her counsel. Attached to the Motion to Vacate was a copy of the March 25, 2005 judgment entry and the clerk's docket establishing the erroneous service. Also attached to the Motion to Vacate were the affidavits of Ms. Damron and her counsel's secretary stating they had never received notice from the court regarding the Transcript Fee.
 {¶ 5} On July 8, 2005, the trial court overruled the Motion to Vacate. Ms. Damron timely appealed the denial of the Motion to Vacate, raising one assignment of error.
 Assignment of Error
"The Trial Court abused its discretion when it overruled the Defendant/Appellant's motion to vacate judgment."
 {¶ 6} Ms. Damron asserts that the trial court erroneously overruled her Motion to Vacate.
 {¶ 7} This Court reviews a trial court's denial of a motion to vacate for an abuse of discretion. Turowski v. AppleVacations, Inc., 9th Dist. No. 21074, 2002-Ohio-6988, at ¶ 6. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} It is undisputed that Ms. Damron filed a praecipe requesting the court reporter to prepare the transcript. It is also undisputed that neither Ms. Damron nor her counsel received notice of Ms. Damron's obligation to pay the Transcript Fee before the transcript would be prepared. It is also undisputed that the trial court did not consider Ms. Damron's objections to the magistrate's report as it could not do so without a transcript. Finally, it is undisputed that Ms. Damron sought the trial court's assistance in rectifying the effects of the clerical error by filing the Motion to Vacate.
 {¶ 9} Given the above, we find the trial court's decision to overrule Ms. Damron's Motion to Vacate was unreasonable and thus, was an abuse of discretion. Ms. Damron's assignment of error is sustained and this matter is reversed and remanded back to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Whitmore, J., Carr, J., concur.